UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) Case No. 1:24-cr-96-CEA-MJD-1 |
| | ) |
| | ) |
| CHADRICK WEAVER | ) |

<u>ORDER OF COMMITMENT FOR MENTAL EVALUATION</u>

On July 3, 2025 Defendant Chadrick Weaver,[1] through counsel,[2] filed a Notice pursuant to Federal Rule of Criminal Procedure 12.2(a) of intent to assert a defense of insanity at the time of the alleged offense [Doc. 22]. On July 7, 2025 the Government[3] filed a motion seeking a pretrial psychiatric/psychological evaluation of Defendant to determine whether the defendant was insane at the time of the offenses alleged in the Indictment pursuant to Title 18 U.S.C. § 4242(a), and Fed. R. Crim. P. 12.2(c) [Doc. 24]. Defendant, through counsel, filed a response to the Government's motion stating Defendant has no objection to the Government's motion requesting a mental health evaluation of Defendant [Doc. 26, ("Defendant's Notice of no objection")].

Fed. R. Crim. P. 12.2(c)(1)(B) states:

> If the defendant provides notice under Rule 12.2(a), the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242.

Fed. R. Crim. P. 12.2(c)(1)(A) also states:

---

[1] Defendant is the sole defendant charged in a three count Indictment with violations of: Count One, Title 18 U.S.C. § 2119(1), that is, carjacking a Chattanooga Area Regional Transportation Authority Bus, with by Force; Count Two, Title 18 U.S.C. § 924(c)(1)(A)(ii), that is, brandishing a firearm during a crime of violence, carjacking as charged in Count One; and Count Three, Title 18 U.S.C. § 922(g)(1), that is, felon in possession of firearm [Doc. 1].

[2] Attorney Clayton Maxwell Whittaker, Federal Defender Services of Eastern Tennessee, Inc., 605 Chestnut Street, Suite 1310, Chattanooga, TN 37450, Phone: 423-756-4349; Fax: 423-756-4345; Email: clay_whittaker@fd.org.

[3] AUSA Raven Austin, U.S. Department of Justice (Chattanooga USAO), 1110 Market Street, Suite 515, Chattanooga, TN 37402. Telephone: 423/752-5140. Email: raven.austin@usdoj.gov.

The court may order the defendant to submit to a competency examination under 18 U.S.C. § 4241.

Having considered Defendant's notice of intent pursuant to Fed. R. Crim. P. 12.2(a) to assert a defense of insanity at the time of the alleged offense [Doc. 22], and the unopposed motion of the Government's motion seeking a pretrial psychiatric/psychological evaluation of Defendant to determine whether the defendant was insane at the time of the offenses alleged in the Indictment pursuant to Title 18 U.S.C. § 4242(a), and Fed. R. Crim. P. 12.2(c) [Doc. 24 and Doc. 26, ("Defendant's Notice of no objection")], the Court concludes that a hearing is unnecessary.

The Government's unopposed motion seeking a pretrial psychiatric/psychological evaluation of Defendant to determine whether the defendant was insane at the time of the offenses alleged in the Indictment pursuant to Title 18 U.S.C. § 4242(a), and Fed. R. Crim. P. 12.2(c) [Doc. 24] is **GRANTED**. The Court finds that it would be in the Defendant's best interest that the competency and sanity evaluations take place at the same time. Accordingly, the Court **ORDERS** that a simultaneous psychiatric/psychological evaluation of Defendant also take place to determine Defendant's mental competency to stand trial or enter a plea pursuant to Fed. R. Crim. P. 12.2(c)(1)(A) and 18 U.S.C. § 4241.

Accordingly, it is **ORDERED**:

1. The Clerk of the Court is hereby directed to serve a copy of this Order on the United States Marshal.

2. The United States Marshal is hereby directed to seek designation of Defendant to the nearest suitable facility for the purpose of evaluation pursuant to 18 U.S.C. §§ 4241, 4242, and 4247(b) and (c), and, upon designation, to transport Defendant to the nearest suitable facility for the evaluation. The commitment for evaluation shall be for a reasonable period not to exceed forty-five (45) days (to commence when Defendant arrives at the facility), unless otherwise ordered.[4]

3. The receiving facility and examiner in whose primary care the Defendant is placed shall file a written report with this Court as soon as practicable with copies to counsel for the government and the Defendant, said report to include:

   a. Defendant's history and present symptoms;
   b. A description of the psychiatric, psychological, and medical tests that were employed and their results;
   c. The examiner's findings; and
   d. The examiner's opinions as to diagnosis, prognosis, as to:

      (1) Whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the

---

[4] Neither party requested a separate order for transportation upon designation.

2

proceedings against him or to assist properly in his defense.

(2) Whether the Defendant suffered from such mental disease or defect which rendered him insane at the time of the offense charged.

4. Defendant shall be given any necessary medications if determined appropriate to do so by the medical staff at the facility;

5. The examiners shall have access to all Pretrial Services Reports completed on Defendant in the instant case;

6. The examiners shall have access to all available medical records for Defendant;

7. The United States Marshal shall notify Pretrial Services, the Clerk of the Court, and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation; and

8. Upon receipt of the examining facility's report, counsel are to contact the undersigned to advise whether a competency hearing pursuant to 18 U.S.C. §§ 4241, 4242, and 4247 is to be scheduled.

SO ORDERED.

ENTER:

s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

3